**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Charles S. RENCHENSKI, Appellant.**

Superior Court of Pennsylvania.

Submitted Sept. 21, 2009.
Filed Jan. 21, 2010.

George H. Newman, Philadelphia, for appellant.

Leanne R. Nedza, Assistant District Attorney, Clearfield, for Commonwealth, appellee.

BEFORE: MUSMANNO, BENDER and CLELAND *, JJ.

OPINION BY BENDER, J.:

¶ 1 Charles S. Renchenski (Appellant) appeals from the order denying his petition for relief filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541–9546. Appellant claims that the trial court erroneously determined that the extraordinary time delay in this case prejudiced the Commonwealth's ability to retry the case, thereby warranting dismissal of the petition pursuant to 42 Pa.C.S. § 9543(b). For the reasons that follow, we affirm.

¶ 2 In a previous appeal to this Court, we summarized the procedural history of this case as follows:

> On July 12, 1984, a jury convicted Appellant of murder in connection with the strangulation death of Rosemarie Foley that occurred during August 1982,

---

* Retired Senior Judge assigned to the Superior Court.

in Clearfield County. On January 30, 1985, the trial court imposed judgment of sentence of life imprisonment. On March 3, 1986, we affirmed the judgment of sentence, and on October 14, 1986, the Supreme Court denied allowance of appeal. *See Commonwealth v. Renchenski*, [356 Pa.Super. 590] 512 A.2d 53 (Pa.Super.1986) (unpublished memorandum).

At this point, the procedural history becomes tortuous. On May 5, 1988, Appellant, acting *pro se*, filed a petition for post-conviction relief, which the PCRA court subsequently denied on May 12, 1988, without appointing counsel. On appeal, we vacated the order denying relief and remanded the matter to the PCRA court so that counsel could be appointed.

On May 6, 1992, the PCRA court appointed, John Ryan, Esquire, to represent Appellant. However, on July 9, 1993, Attorney Ryan filed a petition to withdraw his representation, which the PCRA court granted on July 12, 1993, with Appellant's consent. New counsel was not appointed, and the PCRA court did not address Appellant's pending PCRA petition.

No further entries were listed on the docket until June 2, 2003, when more than fourteen years after the case was remanded to the PCRA court, Appellant filed a *pro se* "Extension of Post–Conviction Relief Petition," seeking to amend the yet unresolved PCRA petition to include an after-discovered evidence claim. By order dated August 11, 2003, and filed January 7, 2004, the PCRA court summarily denied Appellant's "extension" as an untimely filed second post-conviction petition. On January 28, 2004, Appellant filed a timely notice of appeal, *pro se*. However, employing the incorrect date to compute the appeal period, we erroneously quashed the appeal as being untimely filed. On January 25, 2005, the Supreme Court vacated our *per curiam* order and remanded the matter to this Court for disposition. *Commonwealth v. Renchenski*, 581 Pa. 614, 866 A.2d 368 (2005).

*Renchenski v. Commonwealth*, No. 332 WDA 2004, unpublished memorandum at 1–3, 909 A.2d 898 (Pa.Super. filed August 8, 2006). On remand to this Court, we concluded that the trial court erred in determining that Appellant's 2003 filing was a second PCRA petition. We determined that the PCRA court should have treated the "extension" as an attempt to amend his yet unresolved PCRA petition. Having concluded that the "extension" was actually an attempt to amend, we concluded that it was not subject to the PCRA's time bar, and therefore, we remanded the case to the PCRA court to dispose of Appellant's original petition.

¶ 3 On remand, the PCRA court appointed new counsel to represent Appellant. Appellant then filed a *pro se* request for an extension of time to file an amended petition and indicated his intent to find new counsel. The PCRA court granted Appellant his request for an extension to file an amended petition and eventually permitted appointed counsel to withdraw upon Appellant's hiring of private counsel, George H. Newman, Esq., who then filed an amended petition. The Commonwealth moved to dismiss the amended petition under Section 9543(b), claiming that most, if not all, of the witnesses who would be called in a retrial were now unavailable, and therefore, the Commonwealth was prejudiced in its ability to retry Appellant.

¶ 4 The PCRA court held a hearing at which the Commonwealth introduced testimony from Corporal Janice Bart of the Pennsylvania State Police who testified regarding her investigation into the avail-

ability of the witnesses from Appellant's trial. The PCRA court concluded that the Commonwealth would be severely prejudiced were it required to retry Appellant. Accordingly, it dismissed Appellant's amended petition. Appellant then filed this appeal presenting two questions for our review:

I. Did not the lower court err in dismissing [Appellant's] PCRA petition based on [Appellant's] purported failure to affirmatively advance the litigation, where [Appellant] had neither the opportunity, nor the legal responsibility to do so?

II. Did not the lower court err in dismissing [Appellant's] petition where [Appellant] has raised meritorious issues, which entitle him to relief, and which claims have languished for many years due to the inexcusable neglect of both the Court of Common Pleas of Clearfield County and the Commonwealth?

Brief for Appellant at 4.

¶ 5 Our standard and scope of review from the determination of a PCRA court are as follows:

As a general proposition, an appellate court reviews the PCRA court's findings to see if they are supported by the record and free from legal error. The court's scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party.

*Commonwealth v. Hammond,* 953 A.2d 544, 556 (Pa.Super.2008).

¶ 6 Appellant has presented two questions for review, though he has only set forth four pages of argument for both issues. In the first question, he challenges the PCRA court's determination that the Commonwealth had no duty to ensure that Appellant's PCRA proceedings moved forward. Thus, he argues that the PCRA court erred when it "completely excused the Commonwealth's failure to move the litigation forward in this case, even though the Commonwealth ... [has] that obligation." Brief for Appellant at 9. In support of this claim, Appellant relies on cases discussing the Commonwealth's duty to prosecute a defendant in a timely manner so as to not violate the defendant's right to a prompt trial. *See generally* Pa. R.Crim.P. 600. However, this Court is aware of no precedent extending this duty to the collateral stage of criminal proceedings. While the PCRA is intended to afford certain defendants a secondary avenue to attack their conviction, it is beyond question that it is a defendant's duty to avail himself of the Act's provisions. Therefore, we reject Appellant's claim that the Commonwealth bore any responsibility for Appellant's PCRA petition languishing for many years without a resolution.

¶ 7 Nonetheless, Appellant still claims that the PCRA court erred in relying upon Section 9543(b), because the statute refers to a delay in filing and here, Appellant's PCRA petition was timely filed. Section 9543(b) states:

(b) **Exception.**—Even if the petitioner has met the requirements of subsection (a), the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S. § 9543(b). While the express terms of this section refer to a "delay in filing," we conclude that under the unusual circumstances present in this case, this provision should be subordinated to the dominant purpose of this section, which is to ensure that the Commonwealth is not prejudiced by a defendant's delay in pursuing his post-conviction rights. While the underlying PCRA petition here was timely, Appellant essentially abandoned it for several years. Appellant's failure to pursue his PCRA petition has now created a situation where the Commonwealth would be severely prejudiced were it required to retry the case.[1] Consequently, we conclude that the PCRA court did not err in relying upon Section 9543(b) in dismissing Appellant's PCRA petition.

■ ¶ 8 Appellant also presents a second argument within the first question presented for our review. He argues that the previous decisions by our Supreme Court and this Court ordered the PCRA court to address the merits of Appellant's claims. Appellant has misconstrued the meaning of these decisions. The Supreme Court's reversal of our decision was based on its determination that the *appeal to this Court was in fact timely,* and therefore, it remanded the case to this Court for a disposition on the merits. On remand to this Court, we addressed the *merits of the appeal, i.e.,* whether the PCRA court had erroneously determined that the "extension" filed by Appellant should have been treated as a second PCRA petition. We concluded that it should have been treated as an amendment to his initial timely filed petition. Accordingly, we remanded the case to the PCRA court to "dispose of Appellant's original petition." *Renchen-*

*ski,* No. 332 WDA 2004, unpublished memorandum at 6. Neither our Supreme Court nor this Court ever ordered the PCRA court to hold a hearing on the merits of all of the issues presented by Appellant in either his original PCRA petition or the anticipated amended petition.

■ ¶ 9 In the second question presented for our review, Appellant argues that the PCRA court erred in not holding an evidentiary hearing on the no less than seven claims that he presented in his amended petition. While he lists these claims, he does not present any argument, citation, or supporting legal authority to substantiate them. Consequently, we conclude that these claims are waived. *See Commonwealth v. Berry,* 877 A.2d 479, 485 (Pa.Super.2005).

¶ 10 Order affirmed.

¶ 11 Judge CLELAND concurs in the result.

---

1. We note that while the PCRA court's opinion details how 15 witnesses, many of whom were central to the prosecution's case, are now unavailable to testify, Appellant does not address how the Commonwealth could possibly retry him without suffering severe prejudice.