J-S62020-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALEX MCGOWAN | |
| Appellant | No. 412 WDA 2015 |

Appeal from the Judgment of Sentence October 28, 2013
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0006848-2013

BEFORE: GANTMAN, P.J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 29, 2015**

Appellant Alex McGowan appeals from the judgment of sentence entered in the Allegheny County Court of Common Pleas following his negotiated guilty plea to sexual assault, rape, aggravated assault (serious bodily injury), unlawful restraint, terroristic threats, false imprisonment, simple assault, and recklessly endangering another person.[1]  We affirm.

Starting on April 21, 2013, Appellant held Amanda Veneziale prisoner in his apartment.[2]  During the three days he held her captive, Appellant

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3124.1(a), 3121(a)(1), 2702(a)(1), 2902(a), 2706(a), 2903(a), 2701(a)(1), and 2705, respectively.

[2] Ms. Veneziale was then Appellant's girlfriend and had been living at Appellant's apartment since they began a relationship in January 2013.  On April 12, 2013, Appellant compelled Ms. Veneziale to leave the apartment,
*(Footnote Continued Next Page)*

repeatedly beat, choked, burned, caned, and sexually assaulted Ms. Veneziale. He also taped Ms. Veneziale's legs and arms together and her mouth shut, cut her hair, drugged her, and repeatedly threatened to kill her. Finally, on April 24, 2013, Ms. Veneziale escaped Appellant's apartment through a bedroom window. Appellant saw her as she escaped and ran after her. Ms. Veneziale hid in a church for approximately 30 minutes before eventually escaping to freedom.

On October 28, 2013, while represented by counsel, Appellant entered a negotiated guilty plea to the above-referenced crimes. The same day, pursuant to the plea agreement, the trial court sentenced Appellant to 4 to 8 years of incarceration followed by 10 years of probation for the rape conviction, and a concurrent term of 3 years of probation for the aggravated assault conviction.[3] Appellant did not file post-sentence motions or a direct appeal.

On October 24, 2014, Appellant filed a *pro se* "Motion for Withdrawal of Counsel Inter Alia Ineffective Assistance of Counsel". On October 31, 2014, Appellant filed a *pro se* "Motion to Modify and Reduce Sentence *Nunc*

_____

*(Footnote Continued)* ————————————

but allowed her to return on April 15, 2013. She came and went according to her will between April 15 and April 20, 2013.

[3] The plea agreement also included a no-contact provision with the victim and subjected Appellant to lifetime Megan's Law registration. Per the plea agreement, Appellant received no further sentence on the remaining convictions.

*Pro Tunc*".  The court treated these two motions as petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, and appointed counsel.  PCRA counsel filed an Amended PCRA Petition requesting, *inter alia*, the reinstatement of Appellant's post-sentence and direct appeal rights.  The Commonwealth agreed the PCRA court should reinstate Appellant's post-sentence and direct appeal rights, and on February 9, 2015, the PCRA court entered an order reinstating those rights.

On February 13, 2015, Appellant filed a post-sentence motion seeking withdrawal of his guilty plea, which he argued he entered involuntarily because plea counsel failed to investigate and present evidence of his innocence.  **See** Post Sentence Motion, p. 2, ¶ 8.  The trial court denied Appellant's motion by order dated February 20, 2015.

On March 9, 2015, Appellant timely appealed, and he filed a Pa.R.A.P. 1925(b) statement of matters complained of on appeal on March 26, 2015. The trial court filed its Pa.R.A.P. 1925(a) opinion on May 29, 2015.

 Appellant raises the following issue for our review:

1.  Whether the guilty plea entered by Appellant was done so knowingly, voluntarily, and intelligently, and whether the trial court erred and or abused its discretion by refusing to allow Appellant to withdraw his plea following sentence[?]

Appellant's Brief, p. 4.

Initially, unlike his post-sentence motion, Appellant's appellate brief bases his involuntary guilty plea claim on the trial court's failure to inform Appellant of the nature of the offenses charged, and further failure to

establish a factual basis for the guilty plea. ***See*** Appellant's Brief, pp. 9-11. The Commonwealth argues Appellant waived this claim. ***See*** Commonwealth's Brief, pp. 12-13. The Commonwealth is correct.

It is axiomatic that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal." Pa.R.A.P. 302(a). "Moreover, for any claim that was required to be preserved, this Court cannot review a legal theory in support of that claim unless that particular legal theory was presented to the trial court. Thus, even if an appellant did seek to withdraw pleas or to attack the discretionary aspects of sentencing in the trial court, the appellant cannot support those claims in this Court by advancing legal arguments different than the ones that were made when the claims were preserved." ***Commonwealth v. Lincoln***, 72 A.3d 606, 610 (Pa.Super.2013), *reargument denied* (Sept. 16, 2013), *appeal denied*, 87 A.3d 319 (Pa.2014) (internal citation omitted); ***see also Commonwealth v. Santiago***, 980 A.2d 659, 666 n.6 (Pa.Super.2009) ("[a] new and different theory of relief may not be successfully advanced for the first time on appeal." (internal citation omitted)).

Appellant's post-sentence motion stated the basis for his involuntary guilty plea claim as follows:

> [Appellant] argues his guilty plea was invalid because plea counsel failed to investigate and present evidence of his innocence in the form of telephone records and surveillance videos demonstrating his innocence, and instead coerced him into entering a guilty plea.

Post Sentence Motion, p. 2, ¶ 8. Appellant's brief, however, presents a different basis for the alleged involuntariness of Appellant's guilty plea:

> . . . Appellant now argues the plea court insufficiently established the nature of the offenses charged and the factual basis to establish such charges. Had the plea court verbalized on the record the factual bases underlying Appellant's plea, Appellant most assuredly would not have conceded their accuracy. Those purported facts most likely would have included the averments that Appellant had restrained his longtime, live-in girlfriend against her will for an extended period of time and assaulted her, all allegations which the victim has since recanted and are unsupported by the evidence surrounding the alleged abduction.

Appellant's Brief, pp. 10-11.

Although each of these claims argues that Appellant involuntarily entered his guilty plea, each bases the conclusion on different reasons. Therefore, each presents a different, separate claim. Appellant preserved his claim that his plea was involuntary because counsel failed to investigate and present evidence of his innocence in his post-sentence motion. He did not, however, argue that his plea was involuntary based on a failure by the trial court to properly establish the nature and factual basis of the crimes until the instant appeal. Accordingly, Appellant waived the claim argued in his appellate brief.[4] *See Lincoln*, *supra*; Pa.R.A.P. 302.

_____

[4] Appellant also waived the claim raised in his post-sentence motion that counsel had inadequately investigated the facts of the case by not arguing or developing the same in his brief. *See Commonwealth v. Renchenski*, 988 A.2d 699, 703 (Pa.Super.2010), *aff'd*, 52 A.3d 251 (Pa.2012) (failure to
*(Footnote Continued Next Page)*

Moreover, even if not waived, Appellant's claim fails on the merits. The guilty plea hearing transcript reveals the trial court reviewed the crimes charged on the record. *See* N.T. 10/28/2013, p. 9. Appellant stated counsel had gone over the crimes and their penalties with him. *Id.* at 8. Appellant also executed an 11-page written guilty plea colloquy[5] that illustrated that Appellant understood the nature of the offenses charged and the possible penalties. *See* Written Guilty Plea Colloquy, p. 2.[6] He is bound by these statements. *See Commonwealth v. McCauley*, 797 A.2d 920, 922 (Pa.Super.2001) ("A defendant is bound by the statements he makes during his plea colloquy, and may not assert grounds for withdrawing the plea that contradict statements made when he pled."). Further, the trial court informed Appellant he was entitled to have the Commonwealth

*(Footnote Continued)* _____

present argument, citation, or supporting legal authority waives claims for review).

[5] The trial court incorporated the written guilty plea colloquy into the record. N.T. 10/28/2013, p. 5.

[6] Appellant answered "Yes" to the following questions contained in the written guilty plea colloquy:

> 6. Have you discussed with your attorney, the elements of each offense charged?

> 44. Have you and your attorney discussed the maximum possible sentences which this [c]ourt could impose?

*See* Written Guilty Plea Colloquy, pp. 2, 8.

summarize the facts it would prove at trial. *See* N.T. 10/28/2013, pp. 9-10.[7] Appellant waived the summary and stipulated that the affidavit of probable cause set forth a sufficient factual basis for his guilty plea. *Id.* Appellant then explained he was pleading guilty because he was, in fact, guilty of the crimes charged. *Id.* at 10. Accordingly, even if Appellant had not waived this claim, our review of the guilty plea hearing transcript reveals that the lower court did not abuse its discretion. The record supports the trial court's findings and its conclusion that Appellant entered his plea knowingly, voluntarily, and intelligently.[8]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2015

---

[7] Appellant also acknowledged that the Commonwealth could simply provide a summary of the facts in the written guilty plea colloquy. *See* Written Guilty Plea Colloquy, p. 4, ¶ 23.

[8] Likewise, if not waived, Appellant's post-sentence claim also lacks merit. *See* Note 4, *supra*. Appellant stated he was satisfied with his legal representation and further satisfied that counsel in fact knew all the facts of the case and had ample time to check any questions of fact or law Appellant or counsel had about the case. *See* N.T. 10/28/2013, p. 8; *see also* Written Guilty Plea, p. 10, ¶¶ 61-62; Trial Court Pa.R.A.P. 1925(a) Opinion, May 29, 2015, pp. 4-5.