J-S83023-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| FRANCIS A. STRAUGHTERS, JR., | |
| Appellant | No. 387 WDA 2016 |

Appeal from the PCRA Order February 16, 2016
In the Court of Common Pleas of Fayette County
Criminal Division at No(s): CP-26-CR-0001771-2011

BEFORE: FORD ELLIOTT, P.J.E., SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 22, 2016**

Appellant, Francis A. Straughters, Jr., appeals from the February 16, 2016 order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546. We vacate and remand for further proceedings.

Appellant pled guilty on July 11, 2012, to three counts: aggravated assault of an officer, agent, employee or other person enumerated in 18 Pa.C.S. § 2702(c) in the performance of duty,[1] simple assault, and the

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] Appellant originally was charged, *inter alia*, with aggravated assault with a deadly weapon pursuant to 18 Pa.C.S. § 2702(a)(4). Information, 10/19/11, at count two. At the start of the plea proceeding, the Commonwealth moved to amend the information "as to count one
*(Footnote Continued Next Page)*

summary offense of harassment; the Commonwealth *nol prossed* two counts: conspiracy and recklessly endangering another person. The affidavit of probable cause described the facts of the crime as follows:

> On 7/29/2011 Officer[s] were met [at the] station by Edward Sharkey, who was bleeding profusely from his left eye

*(Footnote Continued)* ─────────────

aggravated assault," asserting that "the defendant [is] currently charged under [18 Pa.C.S. §] 2702(a)(4) which is causing bodily injury with a deadly weapon and we're asking to amend that count to reflect aggravated assault 2702(a)(3) which is causing serious bodily injury." N.T., 7/11/12, at 2. An exchange among defense counsel, the Commonwealth, and the plea court followed:

> [Defense counsel]: No objection to that amendment.
>
> [The court]: You have discussed that with your client?
>
> [Defense counsel]: Yes.
>
> [The court]: Still a felony of the the [sic] second degree?
>
> [Defense counsel]: Yes.
>
> [The court]: No change in grade.
>
> [Defense counsel]: Changes the offense gravity score.
>
> [The court]: Up or down[?]
>
> [Defense counsel]: Lowers it two points.
>
> [The court]: Lowers it. You don't object to it being lowered?
>
> [Defense counsel]: Correct.
>
> [The Commonwealth]: We will not be proceeding under [18 Pa.C.S. 2702] (a)(4).

N.T., 7/11/12, at 2–3.

area, and his left hand. Sharkey stated he was with Edith Porterfield, when she took two hundred dollars from his vehicle in Marlenes Corner Bar parking lot. Porterfield then reportedly exited Sharkeys vehicle and entered a Toyota SUV that pulled behind Sharkey's vehicle while they were [in] the parking lot. Sharkey said the vehicle was driven by Francis Straughters Jr. Sharkey stated they left the parking lot, and he followed them. Sharkey then said the SUV stopped on Meadow Lane, and the defendant got out of the vehicle. The defendant then hit Sharkey in the face while Sharkey was still in the car. The defendant repeatedly hit Sharkey while he was trying to exit his vehicle. Sharkey stated he felt the defendant was hitting him with a hard object due to the severe pain. The defendant then reportedly reached in his pocket, and pulled an object out. Sharkey then stated he put his left hand up to block a blow delivered by the defendant, when he felt a burning sensation on his left hand. Sharkey then stated he witnessed blood everywhere. Sharkey said the defendant slashed him with a sharp object. The defendant then left, and Sharkey went to Connellsville Police Station.

Affidavit of Probable Cause, 9/19/11. On August 17, 2012, Appellant was sentenced to twenty-two months to sixty months for aggravated assault with no further penalty for simple assault or harassment, to run concurrently to a sentence imposed at trial court docket number 2189 of 2011. Appellant did not file a direct appeal.

By letter dated May 28, 2013, received May 30, 2013, and docketed July 9, 2014, Appellant wrote to Janice Snyder, Fayette County Clerk of Courts, indicating that he had received a sentence status sheet summary from the Pennsylvania Department of Corrections that incorrectly listed his offense as aggravated assault with bodily injury to a police officer. Letter, 5/31/13. Appellant asserted that "I took a plea from Judge Wagner (8-17-12) Aggravated Assault Case No. 1771. . . . I never assaulted a[n] officer in

my case, on my status sheet it says I have." *Id*. Appellant underlined "Judge Wagner" multiple times in pen. Appellant requested that the "mistake" be corrected. By letter dated May 31, 2013, and docketed that date,[2] Ms. Snyder responded by letter to Appellant. She stated, *inter alia*, that she reviewed Appellant's file and "did not find a charge of Aggravated Assault with Bodily Injury to Officer listed." Letter, 5/31/13. There is no indication that Appellant's letter was submitted to Judge Wagner.

On October 15, 2015, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel on October 29, 2015. On January 7, 2016, counsel filed a motion to withdraw representation asserting that Appellant had pled guilty, *inter alia*, to aggravated assault with a deadly weapon, that the PCRA petition was time-barred, and that there were no meritorious issues in the case. Motion to Withdraw, 1/7/16, at 1–2. On January 26, 2016, the PCRA court permitted counsel to withdraw and entered notice of intent to dismiss pursuant to Pa.R.Crim.P. 907. In its opinion accompanying the Rule 907 notice, the PCRA court referred to "the fact that your counseled guilty plea was to an alleged violation of 18 Pa.C.S. § 2702(a)(3), Aggravated Assault of a police officer, which resulted from an amendment to

---

[2] We note that the certified docket entries interchanged the document titles of both Appellant's letter to Ms. Snyder and her response with their numbered entries, thereby creating uncertainty as to the dates the items were docketed. This discrepancy, however, has no bearing on the significance of the documents in this matter because Appellant's letter to Ms. Snyder is time-stamped as received on May 30, 2013.

the criminal information from § 2702(2)(4) [sic], Aggravated Assault with a Deadly Weapon." Rule 907 Notice, 1/26/16, at 2. The court continued that "[w]hile such an error might indeed render your sentence on that charge illegal, . . . that challenge must generally be raised in a timely PCRA petition." *Id*. (emphasis in original). Appellant filed a response on February 11, 2016, and on February 16, 2016, the PCRA court dismissed the petition as untimely. Appellant filed a timely notice of appeal. The PCRA court did not order the filing of a Pa.R.A.P. 1925(b) statement, and none was filed. In lieu of a Rule 1925(a) opinion, the PCRA court relied upon its Rule 907 explanation and its opinion in support of its order dismissing Appellant's PCRA petition.

Appellant, *pro se*, raises the following issues on appeal:

A. Appellant's plea was unconstitutionally entered where the Commonwealth amended the Criminal Complaint after the arrest of [Appellant] and proceeded to convict Appellant in assaulting a police officer under 18 § 2702 §§ A3, when Appellant was charged and held for court on the charge of 18 § 2702 §§(a)(4), and no legal authority or jurisdiction existed for the court to have accepted Appellant's plea where a miscarriage of justice occured and Appellant was prejudiced in entering such a plea.

B. The Commonwealth fraudulently pursued criminal charges and the Office of the District Attorney knowingly allowed Appellant to enter an "Unknowingly, Unintelligently, and Involuntary" plea of guilty to the unknown amended charges on July 11, 2012.

C. Appellant is entitled to the withdraw[al] of the Plea of Guilty, entered unconstitutionally, where the presumption of correctness is mandatory. This entitlement falls within

the PCRA Act's [sic] exceptions for timeliness requirements under § 9543(a)(2)(ii) & (iii).

Appellant's Brief at 4.

"In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error." **Commonwealth v. Matias**, 63 A.3d 807, 810 (Pa. Super. 2013) (citing **Commonwealth v. Johnson**, 966 A.2d 523, 532 (Pa. 2009)). We grant great deference to the PCRA court's findings that are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). "As the timeliness of a PCRA petition is a question of law, our standard of review is *de novo* and our scope of review is plenary." **Commonwealth v. Callahan**, 101 A.3d 118, 121 (Pa. Super. 2014) (citation omitted).

The timeliness of a PCRA petition is a jurisdictional threshold that may not be disregarded in order to reach the merits of the claims raised in a PCRA petition that is untimely. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013). "We have repeatedly stated it is the [petitioner's] burden to allege and prove that one of the timeliness exceptions applies. **See**, **e.g.**, **Commonwealth v. Beasley**, 741 A.2d 1258, 1261 (Pa. 1999). Whether [a petitioner] has carried his burden is a threshold inquiry prior to

- 6 -

considering the merits of any claim." ***Commonwealth v. Edmiston***, 65 A.3d 339, 346 (Pa. 2013).

In order to be considered timely, a first, or any subsequent PCRA petition, must be filed within one year of the date the petitioner's judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). Our review of the record reflects that Appellant was sentenced on August 17, 2012. Appellant did not file a direct appeal, and therefore, his judgment of sentence became final thirty days later on September 16, 2012. Pa.R.A.P. 903. Thus, Appellant had until September 16, 2013, to file a timely PCRA petition. 42 Pa.C.S. § 9545(b)(3). The instant petition, filed October 15, 2015, is facially untimely.[3]

---

[3] Due to our disposition, we do not examine the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii). An untimely petition may be received when the petition alleges, and the petitioner proves, that any of the exceptions is met. A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2).

This case, however, presents multiple irregularities that require remand. We have not found authority exactly on point, but our research has unearthed cases that are similar in important and relevant ways. We draw a parallel to the cases involving the filing of notices of appeal because, similarly to the instant case, where the timeliness of a PCRA petition implicates the court's jurisdiction and competency to act, the "timeliness of an appeal and compliance with the statutory provisions granting the right to appeal implicate an appellate court's jurisdiction and its competency to act." *Commonwealth v. Williams*, 106 A.3d 583, 587 (Pa. 2014). An appellant's failure to timely appeal divests the appellate court of its jurisdiction to hear the appeal, *id*., just as a PCRA petitioner's failure to comply with the time constraints of the PCRA generally prevents the PCRA court from entertaining a PCRA petition.

First, we note that Fayette County Clerk of Courts, Ms. Snyder, erred by failing to provide Judge Wagner with Appellant's letter dated May 28, 2013. While she correctly time-stamped and docketed the item, she failed to forward it to Judge Wagner, who presumably would have treated the letter as a *pro se* PCRA petition. We have stated, although in relation to the attempted filing of a *pro se* notice of appeal, that the Prothonotary's office lacks authority "to 'implement' the Rules governing the form of an appeal and to determine, based upon criteria other than the date they are received, which appeals are timely." *Commonwealth v. Willis*, 29 A.3d 393, 396

(Pa. Super. 2011) (quoting **Nagy v. Best Home Serv., Inc.**, 829 A.2d 1166 (Pa. Super. 2003)), affirmed *sub silencio* in **Williams**, 106 A.3d at 588 ("The Superior Court's reasoning [in **Willis**] is sound . . . ."). Citing Pa.R.A.P. 905(a)(3), the **Williams** Court underscored Rule 905's use of the directive to the lower court clerk that upon receipt of a notice of appeal, the clerk "shall" time stamp the notice; the Court emphasized that the lower court clerk has no discretion to act otherwise. Our Supreme Court defined the role of the clerk of courts, as follows:

> As this Court has recognized, the powers wielded by the clerk of courts, like those of the prothonotary, are purely ministerial in nature. **See In re Administrative Order No. 1−MD−2003**, 594 Pa. 346, 936 A.2d 1, 9 (2007). The clerk of courts and prothonotary are not permitted to interpret statutes or challenge court actions. **Id**. Likewise, they lack the authority to either evaluate the merits of a litigant's pleadings or decline to accept a timely notice of appeal. **See Brown v. Levy**, 621 Pa. 1, 73 A.3d 514, 519 (2013). Far from operating as an independent reviewer and screening officer with respect to court filings, the clerk of courts fulfills a strictly administrative function . . . .

**Williams**, 106 A.3d at 588 (footnote omitted).

Instantly, Ms. Snyder fulfilled the ministerial function of time-stamping Appellant's letter, but improperly acted beyond that authority by reviewing the relevant orders in the case, formulating a legal conclusion based on that review, and failing to refer the matter to the court.

We also examine whether Appellant's May 31, 2013 letter should have been construed as a timely filed PCRA petition. Although not defined in these terms, in his response to the PCRA court's Rule 907 notice and

accompanying opinion and in his brief to this Court, Appellant has cited to his prior letter to the Fayette County Clerk of Courts and specifically to Ms. Snyder's incorrect and improper response that her review of Appellant's case failed to reveal a charge of aggravated assault with bodily injury to an officer. Defendant's Objections and Response to [the] court's Rule 907 Notice, 2/11/16, at 1, 2; Appellant's Brief at 9–10.

Regarding the judicial determination of whether a post-conviction filing should be considered a PCRA petition, this Court has stated that "any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition." *Commonwealth v. Jackson*, 30 A.3d 516, 521 (Pa. Super. 2011) (citation omitted). More specifically, any petition filed after the judgment of sentence becomes final will be treated as a PCRA petition if it raises any sort of claim that is cognizable under the PCRA. *See* 42 Pa.C.S. § 9543(a)(2). This Court has explained:

> It is well settled that any collateral petition raising issues with respect to remedies offered under the PCRA will be considered a PCRA petition. However, a petition raising a claim for which the PCRA does not offer a remedy will not be considered a PCRA petition. Thus, the question then becomes whether petitioner had an available remedy under the PCRA.

*Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa. Super. 2001) (citations omitted).

The cases in which this Court has construed a post-conviction petition or motion to be a PCRA petition generally involve claims for which the PCRA could provide redress. *See Commonwealth v. Taylor*, 65 A.3d 462, 465–

466 (Pa. Super. 2013) (writ of *habeas corpus* should be treated as PCRA petition); ***Commonwealth v. Evans***, 866 A.2d 442, 444 (Pa. Super. 2005) (motion for reconsideration or modification of sentence should be treated as PCRA petition); ***Commonwealth v. Beck***, 848 A.2d 987, 989 (Pa. Super. 2004) (collateral challenge to legality of sentence for failure to give credit for time served must be brought under the PCRA, despite being labeled as a petition for *habeas corpus*); ***Commonwealth v. Johnson***, 803 A.2d 1291, 1293 (Pa. Super. 2002) (motion to vacate sentence qualified as a PCRA petition); ***Commonwealth v. Guthrie***, 749 A.2d 502, 503 (Pa. Super. 2000) (motion to correct illegal sentence would be treated as PCRA petition). Clearly, "[a] plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent," 42 Pa.C.S. § 9543 (a)(2)(iii), controls consideration of Appellant's eligibility for relief under the PCRA, where the information was improperly amended and his plea was incorrectly recorded pursuant to a crime of which Appellant is innocent. Appellant's May 31, 2013 letter substantively informed the court that his guilty plea incorrectly referenced a crime to which he did not plead and of which he was innocent. If Ms. Snyder properly had submitted the letter to Judge Wagner, it would have been treated as a timely PCRA petition.

Thus, this matter, in effect, involves an unresolved PCRA petition. ***Cf.*** ***Commonwealth v. Renchenski***, 988 A.2d 699, 703 (Pa. Super. 2010)

(referencing *Commonwealth v. Renchenski*, 909 A.2d 898, 332 WDA 2004 (Pa. Super. filed August 8, 2006) (unpublished memorandum), where we held that the appellant's original timely filed petition never was resolved and therefore remained open and pending before the PCRA court when the appellant filed an Extension of Post-Conviction Relief Petition). Similarly, here, on October 15, 2015, the PCRA court should have treated Appellant's petition as an extension of a timely, unresolved petition.

In summary, Appellant's letter filed on May 31, 2013, after his judgment of sentence became final, should have been submitted to the common pleas court. It is well established that any document filed after the judgment of sentence becomes final must be treated as a petition for post-conviction relief, regardless of how a petitioner or counsel titles it. *See Commonwealth v. Kubis*, 808 A.2d 196, 199 (Pa. Super. 2002) (explaining that the PCRA is the sole means for obtaining collateral review and any petition filed after judgment of sentence is final is treated as a PCRA petition); *Commonwealth v. Kutnyak*, 781 A.2d 1259, 1261 (Pa. Super. 2001) (treating the appellant's motion as PCRA petition "regardless of the manner in which the petition is titled"); *Guthrie*, 749 A.2d at 503 (approving the trial court's determination that the appellant's "motion to correct illegal sentence" was a PCRA petition). Consequently, Appellant's letter filed on May 31, 2013, must be considered timely and Appellant's first PCRA petition.

Because Appellant's May 31, 2013 letter should have been treated as Appellant's first PCRA petition, he was entitled to the appointment of counsel. Under our Commonwealth's rules of criminal procedure, it is mandated that an indigent petitioner be appointed counsel to represent him on his first PCRA petition. Pa.R.Crim.P. 904. The comment to Rule 904 states the following:

> Consistent with Pennsylvania post-conviction practice, it is intended that counsel be appointed in every case in which a defendant has filed a petition for post-conviction collateral relief for the first time and is unable to afford counsel or otherwise procure counsel.

Pa.R.Crim.P. 904 cmt. The purpose of Rule 904 is to ensure that an indigent litigant be provided counsel for at least one PCRA petition, which under ordinary circumstances would be the first such petition.

Our Supreme Court has explained that this rule-based right is not simply a right to counsel, but a right to effective assistance of counsel. ***Commonwealth v. Haag***, 809 A.2d 271, 282–283 (Pa. 2002). "The guidance and representation of an attorney during collateral review 'should assure that meritorious legal issues are recognized and addressed, and that meritless claims are foregone.'" ***Id***. (quoting ***Commonwealth v. Albert***, 561 A.2d 736, 738–739 (Pa. 1989)).

Likewise, this Court has long mandated that "counsel be appointed in **every** case in which a defendant has filed a motion for post-conviction collateral review for the **first** time and is unable to afford counsel . . . ."

*Commonwealth v. Kaufmann*, 592 A.2d 691, 695 (Pa. Super. 1991) (emphasis in original). *See Commonwealth v. Lindsey*, 687 A.2d 1144, 1144-1145 (Pa. Super. 1996) (reasoning that Pa.R.Crim.P. 904(a) provides that a PCRA petitioner is entitled to counsel for his first PCRA petition, regardless of the merits of his claim). The failure to appoint counsel to assist an indigent, first-time PCRA petitioner is manifest error. *Kutnyak*, 781 A.2d at 1262. This principle has been reinforced in case law on numerous occasions, and the cases have required appointment of counsel even where the initial *pro se* petition is seemingly wholly without merit, *Kaufmann*, 592 A.2d at 695, where the issue has been previously litigated or is not cognizable under the PCRA, *Commonwealth v. Luckett*, 700 A.2d 1014, 1016 (Pa. Super. 1997), where the petition is untimely, *Commonwealth v. Ferguson*, 722 A.2d 177, 179-180 (Pa. Super. 1998), and where the petitioner has not requested appointment of counsel, *Guthrie*, 749 at 504. In addition, it bears repeating that our courts will not hold an indigent *pro se* petitioner responsible for presenting a cognizable claim for PCRA relief until that petitioner has been given the opportunity to be represented by appointed counsel. *Commonwealth v. Evans*, 866 A.2d 442, 445 (Pa. Super. 2005). In summary, "before the trial court disposes of a first post conviction petition, it must first make a determination as to the petitioner's indigence and if the petitioner is indigent, the court must appoint counsel to assist in the preparation of said petition." *Commonwealth v.*

*Hampton*, 718 A.2d 1250, 1253 (Pa. Super. 1998) (quoting

*Commonwealth v. Van Allen*, 597 A.2d 1237, 1239 (Pa. Super. 1991))

(emphasis omitted).

We conclude that under the circumstances of this case, Appellant's post-conviction letter to the clerk of courts, although time-stamped, was never submitted to the common pleas court. Further, the letter should have been considered to be a timely first PCRA petition, but it was not. It remained outstanding and unresolved when Appellant filed the *pro se* petition on October 15, 2015, and that petition should have been considered an extension of the timely first petition. While counsel was appointed, his withdrawal was based upon his, and the court's, mistaken premise that the October 15, 2015 petition was an untimely PCRA petition, and no consideration was given to the pending first petition. This was error.

Order vacated. Case remanded for appointment of counsel and further proceedings consistent with this memorandum. Jurisdiction is relinquished.

Judge Strassburger joins the Memorandum.

P.J.E. Ford Elliott concurs in the result.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2016

- 15 -