J-S26032-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHARLES S. RENCHENSKI | : | |
| | : | |
| Appellant | : | No. 1735 WDA 2019 |

Appeal from the Order Entered September 30, 2019
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s): CP-17-CR-0000481-1982

BEFORE: MURRAY, J., McLAUGHLIN, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED JUNE 30, 2020**

Charles S. Renchenski (Renchenski) appeals *pro se* from the order denying his second petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546, in the Court of Common Pleas of Clearfield County (PCRA court). Renchenski argues that the court erred in treating his Petition for Writ of *Habeas Corpus* as an untimely PCRA petition. After our thorough review, we affirm.

**I.**

We take the following factual background and convoluted procedural history from our independent review of the record, the PCRA court's March 6, 2020 opinion, and this Court's previously filed opinions.

---

[*] Retired Senior Judge assigned to the Superior Court.

On July 12, 1984, a jury convicted Appellant of murder in connection with the strangulation death of Rosemarie Foley that occurred during August 1982, in Clearfield County. On January 30, 1985, the trial court imposed judgment of sentence of life imprisonment. On March 3, 1986, we affirmed the judgment of sentence, and on October 14, 1986, the Supreme Court denied allowance of appeal. (***See Commonwealth v. Renchenski****,* 512 A.2d 53 (Pa. Super. filed March 3, 1986) (unpublished memorandum)).

At this point, the procedural history becomes tortuous. On May 5, 1988, Appellant, acting *pro se,* filed a petition for post-conviction relief, which the PCRA court subsequently denied on May 12, 1988, without appointing counsel. On appeal, we vacated the order denying relief and remanded the matter to the PCRA court so that counsel could be appointed.

On May 6, 1992, the PCRA court appointed [counsel, who] filed a petition to withdraw his representation, which the PCRA court granted on July 12, 1993, with Appellant's consent. New counsel was not appointed, and the PCRA court did not address Appellant's pending PCRA petition.

No further entries were listed on the docket until June 2, 2003, when more than fourteen years after the case was remanded to the PCRA court, Appellant filed a *pro se* "Extension of Post–Conviction Relief Petition," seeking to amend the yet unresolved PCRA petition to include an after-discovered evidence claim. By order dated August 11, 2003, and filed January 7, 2004, the PCRA court summarily denied Appellant's "extension" as an untimely filed second post-conviction petition. On January 28, 2004, Appellant filed a timely notice of appeal, *pro se.* However, employing the incorrect date to compute the appeal period, we erroneously quashed the appeal as being untimely filed. On January 25, 2005, the Supreme Court vacated our *per curiam* order and remanded the matter to this Court for disposition. (***See Commonwealth v. Renchenski****,* 866 A.2d 368 (Pa. 2005)).

(***Renchenski v. Commonwealth****,* No. 332 WDA 2004, unpublished

memorandum at *1–3, 909 A.2d 898 (Pa. Super. filed August 8, 2006)).

- 2 -

Eventually, a panel of this Court found that the PCRA court erred in treating the 2003 filing as a second petition and, instead, should have treated it as an amendment to his unresolved, timely 1988 petition. Therefore, we remanded to the PCRA court to address the original petition.

On remand, although the court appointed new counsel, it eventually allowed him to withdraw because Renchenski retained a private attorney who filed an amended petition on his behalf. In response, the Commonwealth moved to dismiss the petition under Section 9543(b),[1] arguing that it was prejudiced in its ability to retry Renchenski where most, if not all of the witnesses who would be called in a retrial were unavailable. After a hearing, the PCRA court found that the Commonwealth would be severely prejudiced if it were required to retry Renchenski and dismissed the PCRA petition.

---

[1] Section 9543(b) off the PCRA provides, in pertinent part:

> Even if the petitioner has met the requirements of subsection (a), the petition **shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner.** A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss. This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S. § 9543(b) (emphasis added).

Renchenski appealed the denial, arguing in pertinent part "that the PCRA court erred in relying upon Section 9543(b), because the statute refers to a delay in filing and here, Appellant's PCRA petition was timely filed." (*Commonwealth v. Renchenski*, 988 A.2d 699, 702 (Pa. Super. 2010). On January 11, 2010, the Superior Court affirmed the PCRA court. In concluding that it did not err in dismissing Renchenski's petition based on Section 9543(b), the Court found that Renchenski "essentially abandoned [his claim] for several years[,]" resulting in "a situation where the Commonwealth would be severely prejudiced were it required to retry the case." (*Id.* at 703). On September 28, 2012, our Supreme Court affirmed, holding that Section 9543(b)'s authorization to dismiss untimely PCRA petitions based on prejudice to the Commonwealth also applies to amended petitions. (*See Commonwealth v. Renchenski*, 52 A.3d 251, 260 (Pa. 2012)).

Nearly seven years later, on August 30, 2019, Renchenski filed an Application for Writ of *Habeas Corpus* which is the subject of this appeal. In his Application, he argued, in pertinent part, that:

> [he] is being subjected to the deprivation of his liberty without effective representation of counsel and without a remedy in due course of law…. A remedy has been denied [him] because the PCRA Court and appointed PCRA counsel failed to assure that [] Renchenski's PCRA petition be reviewed promptly…. The [] actions of the PCRA Court, appointed counsel, and the Pennsylvania Supreme [C]ourt unlawfully removed [his] remedy….

(Application for Writ of *Habeas Corpus*, 8/30/19, at 2-3 Paragraphs 4-5).

On September 3, 2019, the PCRA court provided Renchenski with notice of its intent to dismiss the Application without a hearing because it was an untimely second PCRA petition, with no exception pleaded and proven. **See** Pa.R.Crim.P. 907(1). Renchenski filed a response to the court's notice and, on September 30, 2019, the court dismissed the petition. He timely appealed[2] and he and the PCRA court have complied with Rule 1925. **See** Pa.R.A.P. 1925.

## II.

## A.

Renchenski raises one issue for our review: whether the court erred when it treated his Application for Writ of *Habeas Corpus* as an untimely second PCRA petition.[3] (**See** Renchenski's Brief, at 2).

---

[2] Renchenski filed his Notice of Appeal on November 5, 2019, more than 30 days past the entry of the order appealed from. On January 23, 2020, this Court issued a Rule to Show Cause why this appeal should not be quashed as untimely. In his January 30, 2020 response, Renchenski maintained that he did not receive notice of the court's order until approximately one month after it was signed, and that he placed his Notice of Appeal for mailing two days after receiving the order. Because our review confirms that the PCRA court's September 30, 2019 order was not timestamped until October 28, 2019, nearly a month after it was decided, we will treat Renchenki's Notice of Appeal as timely where it appears there was a breakdown in the processes of the PCRA court. **See Commonwealth v. Patterson**, 940 A.2d 493, 498 (Pa. Super. 2007), *appeal denied*, 960 A.2d 838 (Pa. 2008) (Although we generally cannot extend the time for filing a notice of appeal, we may grant such relief where there is a breakdown in the processes of the trial court).

[3] Our standard of review of the denial of a PCRA petition is whether the record supports the court's findings of fact and is free of legal error. **See**

It is well-settled that the PCRA is intended to be the sole means of achieving post-conviction relief. **See** 42 Pa.C.S. § 9542; ***Commonwealth v. Haun***, 32 A.3d 697, 699 (Pa. 2011). Unless the PCRA could not provide for a potential remedy, the PCRA statute subsumes the writ of *habeas corpus.* **See *Commonwealth v. Fahy***, 959 A.2d 312, 332 (Pa. 1999). Issues that are cognizable under the PCRA must be raised in a timely PCRA petition and cannot be raised in a *habeas corpus* petition. ***See Commonwealth v. Peterkin***, 722 A.2d 638, 640 (Pa. 1998). In other words, a defendant cannot escape the PCRA time-bar by titling his petition or motion as a petition for a writ of *habeas corpus.* ***See id.***

Renchenski argues that his Application for *Writ of Habeas Corpus* was not a PCRA petition "because it did not challenge the validity of his underlying conviction or sentence, the truth determining process, nor the effectiveness of his trial counsel(s)." (Renchenski's Brief, at 3); ***see*** 42 Pa.C.S. § 9543(a)(2). He maintains that the Application challenged the legality and constitutionality of his continued detention and the court's application of 42 Pa.C.S. § 9543(b) to his first PCRA petition because that section "was deemed ambiguous by the Pennsylvania Supreme Court, render[ing] it void as applied to his case, resulting in him now suffering cruel and unusual punishment without due process of law in that he was denied prompt, and in fact all state

---

***Commonwealth v. Chambers***, 852 A.2d 1197, 1198 (Pa. Super. 2004), *appeal denied*, 871 A.2d 188 (Pa. 2005).

review, of his constitutional claims for relief." (*Id.* at 2) (emphasis omitted); (*see id.* at 3).

However, our review reveals that the crux of Renchenski's Application was that, but for counsel's ineffective assistance, his first petition would not have been dismissed by the PCRA court, affirmed on appeal by this and the Pennsylvania Supreme Court, and he would not be subjected to the alleged harm he now claims, incarceration for his conviction of murder of the first degree. (*See* Application, at 3). Specifically, as stated above, Renchenski maintains that he is:

> being subjected to the deprivation of his liberty without effective representation of counsel and without a remedy in due course of law…. A remedy has been denied because the PCRA Court and **appointed PCRA counsel failed to assure that [Renchenski's] PCRA petition be reviewed promptly**…. **The subject actions of** the PCRA Court, **appointed counsel**, and the Pennsylvania Supreme [C]ourt **unlawfully removed [his] remedy**….

(Application for Writ of *Habeas Corpus*, at 2-3 Paragraphs 4-5) (emphases added).

Based on this clear language, Renchenski's claim that his Application did not raise an ineffective assistance of counsel claim and that, therefore, the PCRA court erred in treating his Application as a second PCRA petition fails.

**B.**

It is well-settled that "any PCRA petition, including a second or subsequent petition, must be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless a petitioner pleads or

- 7 -

proves that one of the exceptions to the timeliness requirement enumerated in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) is applicable." ***Commonwealth v. McKeever***, 947 A.2d 782, 785 (Pa. Super. 2008); ***see also*** 42 Pa.C.S. 9545(b)(1). This time-bar implicates the subject matter jurisdiction of the courts. ***See Commonwealth v. Yarris***, 731 A.2d 581, 586 (Pa. 1999).

Renchenski's second PCRA petition was filed approximately 30 years after his judgment of sentence became final and was patently untimely. Therefore, we lack jurisdiction to consider its merits unless he pleaded and proved one of the three enumerated timeliness exceptions. ***See McKeever***, ***supra*** at 785. These exceptions include: (1) the failure to raise the claim earlier was the result of governmental interference; (2) the facts upon which the claim is predicated were unknown to petitioner and could not be discovered through due diligence; (3) a constitutional right recognized by the United States or Pennsylvania Supreme Court after the time for filing a timely petition that has been held by that Court to apply retroactively. ***See*** 42 Pa.C.S. § 9545(b)(1).

Renchenski has failed to plead and prove any timeliness exception. Moreover, even were we to liberally construe his argument about counsel, the PCRA court and the Pennsylvania Supreme Court as an attempt to claim the benefit of the governmental interference exception, this would fail. Not only can this argument not form the basis of a valid governmental interference claim, he failed to plead such an exception within 60 days (the applicable

period at that time) of the date when it could have been raised, where the Application was filed seven years after the Supreme Court's decision of which he now complains. **See** 42 Pa.C.S. §§ 9545(b)(2), (4). Therefore, Renchenski failed to prove a timeliness exception, and the PCRA court and this Court lack jurisdiction to review the merits of his claim.

## C.

Although we lack jurisdiction to review the merits of Renchenski's underlying claims due to his failure to plead and prove a timeliness exception, we briefly note Renchenski would be ineligible for relief on his arguments surrounding Section 9543(b) because they have been either previously litigated in the prior PCRA proceeding or waived, and he would be ineligible for relief. **See** 42 Pa.C.S. §§ 9543(a)(3), 9544(a)-(b). As detailed above, in deciding Renchenski's appeal from the denial of his first PCRA petition, we expressly acknowledged "the unusual circumstances in this case" before concluding that the delay in filing Renchenski's amended first PCRA petition was caused by his own failure, resulting in prejudice to the Commonwealth and the PCRA court's proper dismissal. (**See Renchenski**, 988 A.2d at 703). The Pennsylvania Supreme Court affirmed this decision, expressly holding that Section 9543(b) applies to amended PCRA petitions. Therefore, whether the PCRA court properly determined that Section 9543(b) could be applied to his case has already been litigated.

Additionally, Renchenski's argument that because the Supreme Court acknowledged that Section 9543(b) is ambiguous since it does not expressly mention amended petitions, it should not have been applied to him under the unique circumstances of his case, and is waived where he failed to challenge the Pennsylvania Supreme Court's decision in an application for writ of *certiorari* in the United States Supreme Court. In fact, this argument is disingenuous where Section 9543(b) expressly reads, in pertinent part, that a PCRA petition "**shall** be dismissed if it appears **at any time** that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner." 42 Pa.C.S. § 9543(b) (emphases added). For Renchenski to attempt to argue that this failed to provide adequate notice that his petition would be dismissed if his undue delay in filing would prejudice the Commonwealth is not legally persuasive.

Hence, we affirm the order of the PCRA court dismissing Renchenski's second PCRA petition as untimely where he has failed to meet his burden to plead and prove a timeliness exception.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 6/30/2020