Constance SCHAEFER, Appellant

v.

**AAMES CAPITAL CORPORATION**
**and Fairbanks Capital Corporation,**
Appellees.

Superior Court of Pennsylvania.

Submitted June 10, 2002.

Filed July 19, 2002.

Reargument Denied Sept. 12, 2002.

Allen N. Brunwasser, Pittsburgh, for appellant.

Martha E. Von Rosenstiel, Landsowne, for appellees.

BEFORE: ORIE MELVIN *, BENDER and TAMILIA, JJ.

TAMILIA, J.:

¶ 1 Constance Shaefer appeals from the October 5, 2001 Order sustaining appellees' preliminary objections and dismissing with prejudice the complaint filed against three mortgage companies and the attorney who had instituted foreclosure proceedings against her. Appellant had alleged, *inter alia*, that appellees had engaged in an illegal conspiracy to foreclose on mortgages held by her on real property, and that this purported illegal conduct was intentional, willful and reckless. Appellant requests relief in the form of an Order enjoining the instant as well as future foreclosures, as well as money damages and punitive damages. Based on our discussion below, we decline to address the merit of appellant's arguments.

¶ 2 On October 5, 2001, a hearing was conducted to address appellees' preliminary objections to appellant's complaint and amended complaint. By Order of this same date, filed October 9, 2001, the court dismissed with prejudice appellant's complaint and amended complaint.[1] A notice of appeal was filed in this Court November 5, 2001, and by Order dated December 19, 2001,[2] appellant was directed to file within 14 days, a concise statement of matters complained of on appeal, *"and to serve a copy upon this Court pursuant to Rule 1925(b) of the Rules of Appellate Procedure."* Docket entry No. 16, Order of

---

* Orie Melvin, J., recused and did not participate in this decision.

1. Upon request by appellant, the October 5, 2001 Order was clarified by Order dated December 5, 2001.

2. This Order was docketed on December 20, 2001.

Court (emphasis added). In its February 7, 2002 Opinion, the trial court notes appellant's failure to comply with its December 19, 2001 directive.

In reviewing the docket prior to rendering its Opinion, this Court noted that Plaintiff's Rule 1925(b) Statement was in the docket and date-stamped December 28, 2001. Of note, however, was that the Certificate of Service failed to indicate that Plaintiff's Rule 1925(b) Statement had ever been served upon this trial judge. The Certificate of Service only indicated that Plaintiff had mailed her Rule 1925(b) Statement to defense counsel on January 28, 2002 (albeit 1–month after the Statement was docketed).

Our Supreme Court has noted that the purpose of a Rule 1925(b) Statement is to aid the trial judge in identifying and focusing upon those issues which the party plans to raise on appeal. *Commonwealth v. Lord,* 553 Pa. [415] 419, 719 A.2d [306] 308 (1998). Because Plaintiff failed to comply with Pa.R.A.P. 1925(b) and to serve a copy of the Rule 1925(b) Statement upon this trial judge to aid this Court in focusing upon the Plaintiff's appealable issue(s), this Court finds that Plaintiff has waived all objections to this Court's October 5, 2001 Order, and therefore, the Order stands.

Trial Court Opinion, Luddy, Jr., J., 2/7/02 at 2.

¶ 3 We agree with the trial court's reasoning and conclusion. Pennsylvania Rule of Appellate Procedure 1925(b) provides:

The lower court forthwith may enter an order directing the appellant to file of record in the lower court and **serve on the trial judge** a concise statement of matters complained of on appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the

order, ruling or other matter complained of.

**Direction to file statement of matters complained of,** Pa.R.A.P.1925(b) (emphasis added). Failure to comply with a court Order to file a statement of matters complained of on appeal pursuant to Rule 1925(b) results in a waiver of those issues for purposes of appellate review. *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998). "An appellate court can only conduct meaningful review where the appellant submits a Rule 1925(b) statement, and the [trial] court responds to those issues in its opinion." *Commonwealth v. Auchmuty,* 799 A.2d 823, 2002 Pa.Super. Lexis 866 (Pa.Super.2002). In light of appellant's failure to serve on the trial court a Rule 1925(b) statement after being directed to do so, we find the issues she seeks to raise on appeal are waived.

¶ 4 Order affirmed.