J-S05003-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| PENN WILCO FEDERAL CREDIT UNION, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ADAM N. MCGAHEE AND LISA M. MCGAHEE, | |
| Appellants | No. 2091 MDA 2014 |

Appeal from the Order Entered December 5, 2014
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2008-12618

BEFORE:  BENDER, P.J.E., SHOGAN, J., and PLATT, J.[*]

MEMORANDUM BY BENDER, P.J.E.:          **FILED FEBRUARY 18, 2016**

Adam N. McGahee and Lisa M. McGahee appeal from the order entered December 5, 2014, which denied their motion to strike the writ of execution, motion to enforce settlement agreement, and motion for attorney's fees and sanctions.  We affirm.

Penn Wilco Federal Credit Union commenced this mortgage foreclosure action in September 2008.  In February 2012, Penn Wilco filed a motion for summary judgment.  However, in May 2012, the trial court issued a stay and referred this matter to a mortgage foreclosure diversionary program.

In November 2012, following Appellants' failure to comply with the terms of the program, the trial court granted Penn Wilco's motion to remove

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellants therefrom.  In February 2013, the trial court granted Penn Wilco summary judgment.  Judgment was entered, and the Prothonotary for the Luzerne County Court of Common Pleas issued a writ of execution in September 2013.[1]

A sheriff's sale was first scheduled in December 2013 but was continued upon Appellants' motion.  Thereafter, the parties pursued a settlement of Appellants' debt obligations without success.  A writ of execution issued in July 2014, and a sheriff's sale was scheduled in October, and then December 2014.

In December 2014, Appellants filed a motion, requesting the trial court strike the writ of execution, enforce a purported settlement agreement between the parties, and grant Appellants fees and sanctions.  The trial court denied their motion, and Appellants timely appealed.

In January 2015, the trial court directed Appellants to file and serve upon the trial court a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.  Appellants failed to do so.  The trial court issued a statement pursuant to Pa.R.A.P. 1925(a), concluding that Appellants had waived all issues on appeal.  *See* Trial Court Pa.R.A.P. 1925(a) Statement, 03/06/2015.

In this Court, Appellants failed to file timely a docketing statement. *See* Pa.R.A.P. 3517.  Their appeal was dismissed but, thereafter, reinstated.

---

[1] Appellants have not challenged the judgment against them.

*See* Order of Court, 02/04/2015; Order of Court, 02/17/2015.   Appellants were also granted several extensions to file an appellate brief and reproduced record.   *See* Order of Court, 04/17/2015; Order of Court, 06/22/2015; Order of Court, 07/02/2015; Order of Court, 08/06/2015; *see also* Pa.R.A.P. 2185 (Service and Filing of Briefs); Pa.R.A.P. 2186 (Service and Filing of Reproduced Record).

In August 2015, Penn Wilco filed an application to dismiss this appeal for failure to file a brief.   However, Appellants timely filed their brief,[2] and the application to dismiss was denied as moot.   *See* Order of Court, 08/21/2015.

Appellants purport to raise the following issue on appeal:

1.  Did the Trial Court err in not granting the Motion to Strike the Writ of Execution, Motion to Enforce Settlement Agreement and the Motion for Attorney's Fees and Sanctions since the parties settled the initial foreclosure action for payments which were made, requiring the institution of a new foreclosure action?

Appellants' Brief at 2.

Before addressing the merits, we must determine whether Appellants have preserved this issue for our review.   *See Forest Highlands Cmty. Ass'n v. Hammer*, 879 A.2d 223, 226 (Pa. Super. 2005).

Failure to comply with a court [o]rder to file a statement of matters complained of on appeal pursuant to Rule 1925(b)

---

[2] We note, however, that Appellants failed to append the trial court's Pa.R.A.P. 1925(a) statement to their brief, violating our appellate rules. *See* Pa.R.A.P. 2111(b) (requiring an appellant to append to their brief a copy of any opinion delivered by the court below).

results in a waiver of those issues for purposes of appellate review. An appellate court can only conduct meaningful review where the appellant submits a Rule 1925(b) statement, and the [trial] court responds to those issues in its opinion.

***Schaefer v. Aames Capital Corp.***, 805 A.2d 534, 535 (Pa. Super. 2002) (internal citations and punctuation omiited).

Here, despite being directed to do so, Appellants failed to file a Pa.R.A.P. 1925(b) statement or serve it upon the trial court. Accordingly, we deem Appellants' issue waived.[3]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/18/2016

---

[3] Absent waiver, we note that this mortgage proceeding has lingered on the Luzerne County docket for more than seven years. Appellants have had numerous opportunities to resolve this matter but have repeatedly failed to do so. Appellants' arguments to the contrary are devoid of merit. Thus, Appellants would be entitled to no relief.