J-S12014-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
  :   PENNSYLVANIA
  :
v.   :
  :
  :
  :
WILLIAM GNECCO   :
  :
Appellant   :   No. 1960 EDA 2019

Appeal from the PCRA Order Entered June 28, 2019
In the Court of Common Pleas of Bucks County Criminal Division at
No(s): CP-09-CR-0004159-1986

BEFORE:    SHOGAN, J., McCAFFERY, J., and COLINS, J.[*]

MEMORANDUM BY SHOGAN, J.:            **FILED JULY 31, 2020**

Appellant, William Gnecco, appeals *pro se* from the June 28, 2019 order

entered in the Bucks County Court of Common Pleas denying his amended *pro*

*se* petitions filed pursuant to the Post Conviction Relief Act ("PCRA"), 42

Pa.C.S. §§ 9541-9546. After careful review, we affirm.

This Court previously recounted the facts underlying Appellant's

conviction, as follows:

> Gnecco met the victim, George Keys, in June 1985. Shortly
> thereafter, Gnecco secured employment in Keys' Bucks County
> home, where eventually the relationship became a homosexual
> one between the two men. Gnecco, who was married with two
> children, explained his repeated absence from the family home by
> falsely representing that he worked for organized crime figures.
> As a part of Gnecco and Keys' arrangement, the two operated a
> restaurant together. Although ownership of the restaurant was in
> Keys' name, it was held out as a partnership between Gnecco and

---

[*] Retired Senior Judge assigned to the Superior Court.

Keys and in the event of Keys' death, it was their intention that ownership of the business be transferred to Gnecco.

On April 14, 198[6,] Gnecco and Keys argued about Gnecco's intention to return home the next day to visit his wife and children. The argument escalated into a physical altercation in which Gnecco, at one point, obtained a hammer which he used to beat Keys in the head. According to the medical examiner's testimony, Keys' death was caused by a blow to the head. After Keys' death, Gnecco removed the victim's jewelry and other personal effects. Included in the property taken was a distinctive five karat diamond ring, valued at approximately $15,000.00, that Gnecco testified he noticed during the struggle. Keys' body was then placed in plastic bags and secreted on the side of the restaurant, and later buried. For approximately three months after Keys' murder, Gnecco repeatedly represented that he did not know of Keys' whereabouts. On July 23, 1986[,] Gnecco admitted to authorities that he buried Keys and lead the police to his body, but Gnecco maintained that Keys was killed by organized crime figures. Gnecco eventually confessed to Keys' murder.

***Commonwealth v. Gnecco***, 555 A.2d 244, 496 PHL 1988 (Pa. Super. filed November 10, 1988) (unpublished memorandum).

In addition, the PCRA court provided the following summary of the subsequent procedural history:

In capsule, on December 1, 1986, [Appellant] entered a guilty plea to Murder and *nolo contendere* pleas to charges of Robbery and Possession of an Instrument of Crime.[1] A non-jury trial was held to determine degree of guilt as to the murder charge. [Appellant] was subsequently found guilty of Murder in the 1st Degree on December 10, 1986, and sentenced to life in prison on June 16, 1987. On June 26, 1987, [Appellant] filed a Motion to Withdraw Guilty Plea, and the [c]ourt vacated his sentence on July 1, 1987. After further proceedings, [Appellant] was again sentenced on January 15, 1988[,] to life in prison for the Murder conviction.

---

[1] 18 Pa.C.S. §§ 2502, 3701(a)(5), and 907(a), respectively.

On February 12, 1988, [Appellant] filed a direct appeal to the Superior Court of Pennsylvania, which affirmed his judgment of sentence on November 10, 1988. The Supreme Court of Pennsylvania denied *allocator* on September 1, 1989.

On January 17, 1995, [Appellant] filed a timely *pro se* Petition Under Post Conviction [Relief] Act. The Public Defender was appointed to represent him, but was subsequently replaced by conflict counsel, Keith Williams, Esquire. A [PCRA] hearing was apparently held on May 31, 1995, and continued. Attorney Williams was thereafter granted permission to withdraw on July 7, 1995, and [Appellant] was directed to proceed either *pro se* or through privately retained counsel.

It appears that [Appellant] filed *pro se* a Petition to Amend Post Conviction on October 3, 1995, which was returned to the file for consideration at the time of the next PCRA hearing, which was never scheduled.

The matter then remained dormant for more than twenty (20) years, until [Appellant] filed the [instant] Amended Petition for Post-Collateral Conviction Relief and Withdrawal of Pleas of Guilty and Nolo Contendere per [the PCRA Act] on June 18, 2018. [This was an amendment to his PCRA petition filed in 1995).] The matter was then reassigned to this [c]ourt, and on August 7, 2018, out of an abundance of caution, we (improvidently) appointed PCRA counsel, Patrick J. McMenamin, Jr., Esquire, to represent [Appellant] in his most recent request for PCRA relief. Mr. McMenamin was subsequently granted three extensions of time to file an amended PCRA petition or response, and on February 14, 2019, he filed a Post Conviction Relief Act No Merit Letter and Memorandum of Law Pursuant to Commonwealth v. Finley, and a Petition to Withdraw as Counsel.

In his No Merit Letter, Mr. McMenamin asserted that he had thoroughly reviewed the matter with [Appellant], and he comprehensively analyzed any potential meritorious issues, after which he concluded that there were no meritorious issues to pursue on his client's behalf.

On February 26, 2019, [Appellant] filed a Motion for Grazier[2] Colloquy.

On March 5, 2019, after reviewing the case and Mr. McMenamin's No Merit Letter, this [c]ourt issued a Notice of Intent to Dismiss [Appellant's] request for PCRA relief, pursuant to Pa.R.Crim.P. 907.

On March 15, 2019, the Commonwealth filed an Answer to [Appellant's] Amended PCRA Petition, which asserted that his issues were devoid of merit and that he had failed to support his claims with any evidence. The Commonwealth also asserted that, as a result of [Appellant's] abandonment of his claims for over two decades and the passage of over thirty (30) years since his trial, the Commonwealth had been prejudiced by the deaths of the lead investigators and at least three other witnesses.

On March 21, 2019, [Appellant] filed a "*Pro Se* Response to Pa.Crim.P. 907 Notice and Grazier Hearing Denial," in which he again presented the issues that had been addressed and found to be non-meritorious in Mr. McMenamin's No Merit Letter. These issues included claims of a defective colloquy plea, ineffective assistance of counsel, prosecutorial misconduct, an illegal sentence, lack of jurisdiction, and actual and legal innocence. [Appellant] also requested oral argument and a Grazier hearing.

Once again out of an abundance of caution, this [c]ourt granted [Appellant's] request for a Grazier Hearing. The hearing was subsequently held on April 29, 2019, after which we granted a waiver of his right of counsel and directed that he was to represent himself and file an amended PCRA petition within thirty (30) days. [Appellant] filed an amended PCRA petition on May 15, 2019.

On June 26, 2019, we issued an Order granting Mr. McMenamin's motion to withdraw as [Appellant's] PCRA counsel, and on June 28, 2019, we issued an Order denying [Appellant's] amended PCRA petition.

On July 11, 2019, [Appellant] filed a Notice of Appeal to the Superior Court from our June 28, 2019 Order denying his request

---

[2] ***Commonwealth v. Grazier***, 713 A.2d 81 (Pa. 1998).

for PCRA relief. On July 29, 2019, in compliance with our Order of July 12, 2019, [Appellant] filed his Statement of Errors Complained of on Appeal Pursuant to Pa.R.A.P. 1925(b), but he failed to serve a copy on our Chambers. His Statement of Errors is reproduced, *verbatim*, below. [3]

PCRA Court Opinion, 9/23/19, at 1–3.

The PCRA court provided the following reasons for denying Appellant's

PCRA petition:

In the instant matter, after a careful review of the record and Mr. McMenamin's No Merit Letter, this [c]ourt determined, pursuant to Pa.R.Crim.P. 907(1), that Mr. Gnecco had not raised any issues of genuine fact, that his request for post-conviction collateral relief had no merit and no purpose would be served by any further proceedings. As a result, we issued a 907 Notice of Intent to Dismiss. After receiving the Commonwealth's responsive Answer to Mr. Gnecco's Amended PCRA Petition and Mr. Gnecco's

_____

[3] Pa.R.A.P. 1925(b)(1) directs that an appellant's 1925(b) statement must be served upon the trial judge. "[F]ailure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005); *see also Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005).

Despite this directive, we decline to find waiver herein for the following reasons. First, the certificate of service attached to Appellant's 1925(b) statement represents that a copy was mailed to the PCRA court's chambers. Additionally, the criminal docket indicates that the statement was served upon the PCRA court on July 29, 2019. Second, we note that the purpose of serving the trial court with the 1925(b) statement is to permit the appellate court to conduct meaningful review of the issues. *See Schaefer v. Aames Capital Corp.*, 805 A.2d 534, 535 (Pa. Super. 2002) ("An appellate court can only conduct meaningful review where the appellant submits a Rule 1925(b) statement, and the [trial] court responds to those issues in its opinion.") (quotation omitted). As is apparent from the PCRA court's 1925(a) opinion, it was aware of the issues raised in Appellant's 1925(b) statement and discussed those issues in its opinion. Therefore, our review is not hampered by Appellant's alleged failure to serve his 1925(b) statement on the PCRA court, and we will address the issues raised therein.

"Pro Se Response to Pa.Crim.P. 907 Notice and Grazier Hearing Denial," we again concluded that his request for relief contained no meritorious issues. We therefore issued our subsequent Order of June 2[8], 2019, denying and dismissing Mr. Gnecco's amended PCRA petition without a hearing, based upon not only our conclusion that Mr. Gnecco's claims were untimely and without merit, but that in addition, the Commonwealth had been unduly prejudiced by Mr. Gnecco's delay in litigating his PCRA claims.

PCRA Court Opinion, 9/23/19, at 5.

On appeal, Appellant raises three issues, which are identical to the issues raised in his 1925(b) statement:

> 1. Did the Court err by dismissing the PCRA Petition without a hearing?
>
> 2. Was PCRA Counsel Ineffective?
>
> 3. Did the Court err by failing to have a 42 Pa.C.S. §9543(b) hearing before dismissal for prejudice to Commonwealth?

Appellant's Brief at 5.[4]

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super.

_____

[4] Due to the procedural posture of this case, *i.e.*, the PCRA court granted counsel's motion to withdraw and permitted Appellant to proceed *pro se* after a *Grazier* hearing, we need not conduct a traditional *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988), and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) analysis. *See Commonwealth v. Shaw*, 217 A.3d 265, 268 n.3 (Pa. Super. 2019) (explaining that when counsel has been appointed to represent PCRA petitioner and that right has been fully vindicated following grant of counsel's petition to withdraw under *Turner*/*Finley*, court shall not appoint new counsel and an appellant must look to his own resources for future proceedings) (citation omitted).

2015) (quoting **Commonwealth v. Henkel**, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. **Commonwealth v. Rykard**, 55 A.3d 1177, 1183 (Pa. Super. 2012).

We initially address the sufficiency of Appellant's Pa.R.A.P. 1925(b) statement of errors complained of on appeal. In his first two issues, Appellant has simply suggested his petition was improperly dismissed without a hearing and that PCRA counsel was ineffective. Appellant's Pa.R.A.P. 1925(b) statement, 7/26/19, at ¶¶ 1, 2.

> As this Court has previously concluded:
>
> "A Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." **Commonwealth v. Dowling**, 778 A.2d 683, 686–687 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues [a]ppellants raise on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." **Commonwealth v. Heggins**, 809 A.2d 908, 911 (Pa. Super. 2002).

**Commonwealth v. Vurimindi**, 200 A.3d 1031, 1038 (Pa. Super. 2018). Further, as our Supreme Court instructed more than twenty years ago, "Any issues not raised in a Pa.R.A.P. 1925(b) statement will be deemed waived." **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998).

The compulsory requirement of adhering to Pa.R.A.P. 1925 is captured in the following excerpt from **Kanter v. Epstein**, 866 A.2d 394 (Pa. Super. 2004):

This Court explained in ***Riley v. Foley***, 783 A.2d 807, 813 (Pa. Super. 2001), that Rule 1925 is a crucial component of the appellate process because it allows the trial court to identify and focus on those issues the parties plan to raise on appeal. This Court has further explained that "a Concise Statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent to no Concise Statement at all." ***Commonwealth v. Dowling***, 778 A.2d 683, 686-[6]87 (Pa. Super. 2001). "Even if the trial court correctly guesses the issues Appellants raise[] on appeal and writes an opinion pursuant to that supposition the issues [are] still waived." ***Commonwealth v. Heggins***, 809 A.2d 908, 911 (Pa. Super. 2002).

***Kanter***, 866 A.2d at 400.

Our law further makes clear that satisfaction of Pa.R.A.P. 1925(b) is not simply a matter of filing any statement. Rather, the statement must be concise and sufficiently specific and coherent as to allow the trial court to understand the specific allegation of error and offer a rebuttal. These requirements are evident in the following language from ***Dowling***:

> When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the trial court is impeded in its preparation of a legal analysis which is pertinent to those issues.

***Dowling***, 778 A.2d at 686-687 (citations and quotation marks omitted).

In addition, we note that "[a]lthough this Court is willing to liberally construe materials filed by a *pro se* litigant, *pro se* status confers no special benefit upon the appellant." ***Commonwealth v. Adams***, 882 A.2d 496, 498 (Pa. Super. 2005) (citing ***Commonwealth v. Lyons***, 833 A.2d 245, 252 (Pa. Super. 2003)). "To the contrary, any person choosing to represent himself in a legal proceeding must, to a reasonable extent, assume that his lack of

expertise and legal training will be his undoing." ***Adams***, 882 A.2d at 498 (citing ***Commonwealth v. Rivera***, 685 A.2d 1011 (Pa. Super. 1996)).

As to Appellant's first and second issues, the failure to hold an evidentiary hearing and his blanket assertion that PCRA counsel was ineffective, Appellant's Pa.R.A.P. 1925(b) statement is too vague to allow the PCRA court to easily discern the issues Appellant intended to pursue on appeal. This conclusion is not altered by the fact that the PCRA court speculated that a hearing was not required because:

> The issues [Appellant] has attempted to raise which involve his allegedly defective colloquy plea and ineffective assistance of counsel have been previously litigated or do not withstand legal scrutiny.  In addition to his guilty plea, the evidence overwhelmingly established his guilt.  We agree with [appointed counsel's] analysis and conclusion that [Appellant's] guilty plea was appropriate under the law and that any claims of ineffective assistance of trial counsel were completely without merit. [Appellant] is obviously unhappy with his sentence of incarceration for life, and is seeking any avenue that might offer relief from his current predicament. We found, however, no merit to [Appellant's] challenges to his sentence, and determined that a hearing would serve no purpose.

PCRA Court Opinion, 9/23/19, at 5.

It is apparent from the PCRA court's abbreviated discussion that it was compelled to guess the issues Appellant claims merited a hearing.  The brevity of its analysis is understandable in light of the paucity of Appellant's 1925(b) statement.  While Appellant contends in his brief that the court erred by failing to address meritorious issues presented in his PCRA petition, he did not identify any of those issues in his Rule 1925(b) statement.  Raising them in a

brief cannot save them from waiver. ***See Commonwealth v. Lemon***, 804 A.2d 34, 38 (the specific challenges in appellant's brief did not excuse his failure to raise these detailed issues in his Rule 1925(b) statement). As to Appellant's blanket assertion that PCRA counsel was ineffective, the PCRA did not even attempt to address the issue, finding that Appellant "failed to provide any specific information or evidence that would enable this Court to address his allegations of PCRA counsel's ineffectiveness or explain how his PCRA counsel provided ineffective assistance." PCRA Court Opinion, 9/23/19, at 7. Thus, we conclude that Appellant's first two issues are waived.

In his third issue, Appellant alleges that it was error for the PCRA court to dismiss, without a hearing, his request for PCRA relief on the basis of prejudice to the Commonwealth, in violation of the requirement of 42 Pa.C.S. § 9543(b). As to this issue, Appellant's Rule 1925(b) statement is specific enough to permit review.

Section 9543(b) instructs:

**(b) Exception.--**Even if the petitioner has met the requirements of [42 Pa.C.S. § 9543(a)], the petition shall be dismissed if it appears at any time that, because of delay in filing the petition, the Commonwealth has been prejudiced either in its ability to respond to the petition or in its ability to re-try the petitioner. **A petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss.** This subsection does not apply if the petitioner shows that the petition is based on grounds of which the petitioner could not have discovered by the exercise of reasonable diligence before the delay became prejudicial to the Commonwealth.

42 Pa.C.S. § 9543(b) (emphasis added). Although the statute specifically refers to a delay in filing a PCRA petition, case law has extended this exception to a failure to pursue a previously filed petition. *See Commonwealth v. Renchenski*, 988 A.2d 699, 703 (Pa. Super. 2010) (finding purpose of § 9543(b) was to "ensure that the Commonwealth is not prejudiced by a defendant's delay in pursuing his post-conviction rights.").

The PCRA court conceded that it did not hold a hearing pursuant to Section 9543(b) before it dismissed Appellant's petition and that its June 28, 2019 order indicated that Appellant's amended petition filed on May 15, 2019, was "untimely." Order, 6/28/19, at unnumbered 1. Specifically, the concluding paragraph of the PCRA court's order stated: "this [c]ourt has determined that the Commonwealth has been unduly prejudiced by [Appellant's] delay in litigating his PCRA claims, and those claims are untimely and without merit." *Id.*

This Court has ruled that, absent a hearing on the Commonwealth's motion to dismiss, Section 9543(b) specifically precludes the dismissal of a PCRA petition based upon prejudicial delay. *Commonwealth v. Williams*, 980 A.2d 510, 520 (Pa. 2009) (citations omitted). Thus, dismissal of Appellant's petition on this basis alone would be improper.

However, even assuming that the failure to hold a hearing pursuant to Section 9543(b) was error, the PCRA court explained in its Rule 1925(a) opinion why it would be harmless error:

- 11 -

We are cognizant of the provision of § 9543(b) that "[a] petition may be dismissed due to delay in the filing by the petitioner only after a hearing upon a motion to dismiss." However, it must be noted that our June 2[8], 2019 conclusion that the Commonwealth would be prejudiced by the delay in prosecuting this PCRA petition was not the primary reason for our decision to deny [Appellant's] request for PCRA relief. Accordingly, even assuming arguendo that undue prejudice to the Commonwealth can be ascertained only after an evidentiary hearing is held, so that it was error for this [c]ourt to dismiss [Appellant's] PCRA petition on that basis, such error is harmless.[5]

We concluded from a review of the record that [Appellant's] claims had no merit and did not warrant a hearing. We further observed that the prejudice experienced by the Commonwealth due to that delay and the deaths of those significant witnesses, as evidenced by the judicially recognizable material submitted by the Commonwealth in its Answer to support its allegation of prejudice, was supportive of that conclusion. To require a hearing under these circumstances would constitute a substantial waste of judicial and non-judicial resources.

PCRA Court Opinion, 9/23/19, at 9.

The PCRA court explained that its failure to hold the hearing was not reversible error because prejudice to the Commonwealth was only one reason for dismissing Appellant's petition. Our review of the record supports that PCRA court's position and reflects that Section 9543(b) was not the exclusive basis for the dismissal. The PCRA court's June 28, 2019 order concluded that Appellant's PCRA claims were "without merit." Order, 6/28/19, at unnumbered 1. *See Commonwealth v. Maddrey*, 205 A.3d 323, 328, (Pa. Super. 2019) ("[t]here is no absolute right to an evidentiary hearing on a PCRA petition, and

- 12 -

if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary.").

Additionally, in its Notice of Intent to Dismiss, the PCRA court cited the lack of merit in Appellant's allegations as the reason it intended to dismiss the petition. Notice of Intent to Dismiss Pursuant to Pa.R.Crim.P. 907, 3/5/19, at unnumbered 1. Thus, prejudice to the Commonwealth was not the only reason the PCRA court dismissed the petitions.

Furthermore, Appellant did not file a response to the Commonwealth's Answer nor did he reference the Commonwealth's claim of prejudice in his *Pro Se* Response to Pa.R.Crim.P. 907 Notice and **Grazier** hearing denial. In his brief, Appellant does not dispute the reasons the Commonwealth offered as to why the thirty-year delay in litigating Appellant's claim resulted in prejudice, *i.e.*, the lead investigator, three key Commonwealth witnesses, and trial counsel were deceased, and the remaining witnesses' memories would be affected by the passage of time. Rather, Appellant posits that the delay was due to the tactics of the Commonwealth and the court's mismanagement of the docket. Appellant's Brief at 29. There is no support for either of these allegations. Accordingly, Appellant has not established that he is entitled to relief under 42 Pa.C.S. § 9543(b).

As we have concluded that Appellant's claims were either waived or lack merit, we affirm the PCRA court's order denying and dismissing his petitions.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/20