J-S34003-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ROBERT J. BOBACK | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| LABMD, INC., MICHAEL J. | : | |
| DAUGHERTY AND RICHARD EDWARD | : | |
| WALLACE | : | No. 534 WDA 2021 |
| | : | |
| | : | |
| APPEAL OF: LABMD, INC, AND | : | |
| MICHAEL J. DAUGHERTY | : | |

Appeal from the Order Entered January 15, 2021
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  GD-14-016497

BEFORE:   DUBOW, J., MURRAY, J., and PELLEGRINI, J.*

MEMORANDUM BY DUBOW, J.:                    **FILED: JANUARY 10, 2023**

Appellants, LabMD, Inc. and Michael J. Daugherty, appeal from the January 15, 2021 Order granting the *Praecipe* to Discontinue filed by Appellee, Robert J. Boback, and denying Appellants' Motion to Strike [Appellee's] *Praecipe* to Discontinue this lawsuit.  After careful review, we affirm.

A detailed recitation of the facts and procedural history of this almost decade-long matter is unnecessary to our disposition.  Of most significance to this appeal is the fact that on March 18, 2020, after years of litigation, Appellee filed a P*raecipe* to Discontinue this lawsuit against Appellants and Richard Edward Wallace because Appellee had settled his claims with LabMD, Inc.  On

_____

* Retired Senior Judge assigned to the Superior Court.

September 8, 2020, Appellants filed a Motion to Strike the Praecipe to Discontinue ("Motion to Strike").

On January 15, 2021, after considering the *praecipe* and the Motion to Strike, and hearing the parties' arguments, the Honorable Christine A. Ward entered an order granting the *Praecipe* to Discontinue and denying the Motion to Strike. On February 16, 2021, Appellants timely appealed.[1]

On February 22, 2021, Judge Ward entered an order directing Appellants to file a Pa.R.A.P. 1925(b) Statement ("Rule 1925(b) Statement") within 21 days. The court noted in its order that "[a]ny issue not concisely stated in the [Rule 1925(b) Statement] shall be deemed waived." Order, 2/22/21.

On March 5, 2021, Appellants requested additional time to file their Rule 1925(b) Statement. The trial court granted Appellants' request and issued an order directing them to file their Rule 1925(b) Statement on or before April 17, 2021.

On April 9, 2021, Appellants requested another 30-day extension of time to file their Rule 1925(b) Statement. On April 13, 2021, the trial court entered an order granting an extension, but directing Appellants to file their Rule 1925(b) Statement on or before April 23, 2021, and not within 30 days as they requested. Critically, Appellants did not comply with this order and never

---

[1] We note that February 14, 2021, the thirtieth day after entry of the court's order fell on a Sunday and that courts were closed on Monday, February 15, 2021, in observance of Presidents' Day.

filed a Rule 1925(b) Statement. On May 3, 2021, Judge Ward filed an Opinion applying well-established precedent and concluding that since Appellants had failed to file a Rule 1925(b) Statement, Appellants had waived for appeal all issues regarding the Motion to Strike.

In response to the trial court's opinion that their failure to file a Rule 1925(b) Statement resulted in the waiver of all issues on appeal, Appellants filed in this Court a "Motion for Brief Remand to Court of Common Pleas" for the trial court to permit them to file a Rule 1925(b) Statement. On June 11, 2021, at this Court's direction, Appellants filed in the trial court a motion to file a Rule 1925(b) Statement *nunc pro tunc* ("Motion for *Nunc Pro Tunc* Relief").

On September 7, 2021, Judge Ward denied Appellants' Motion for *Nunc Pro Tunc* Relief. Since Judge Ward had denied Appellants' motion, on September 10, 2021, this Court dismissed this appeal because Appellants had failed to file a Rule 1925(b) Statement in the instant appeal and had, thus, not preserved for appeal any issues regarding the Motion to Strike.

After Judge Ward denied the Motion for *Nunc Pro Tunc* Relief, Appellants' counsel, on September 23, 2021, filed in the trial court a Notice of Appeal from the denial of the Motion for *Nunc Pro Tunc* Relief.[2] On September 27, 2021, Judge Ward ordered Appellants to file a Rule 1925(b) Statement

---

[2] On October 25, 2021, this Court docketed the appeal from the order denying Appellants' Motion for *Nunc Pro Tunc* Relief at No. 1246 WDA 2021.

identifying the allegations of error they intended to raise on appeal with respect to the order denying their Motion for *Nunc Pro Tunc* Relief.

On September 28, 2021, Appellants' counsel filed in this Court a "Supplement to Application for Reconsideration" in the instant appeal. In Appellants' supplement, Appellants' counsel misrepresented to this Court that Judge Ward had reconsidered her denial of their Motion for *Nunc Pro Tunc* Relief, had granted the requested *nunc pro tunc* relief, and had directed Appellants to file a Rule 1925(b) Statement pertaining to the appeal from the denial of the Motion to Strike. In the supplement, Appellants neglected to provide this Court with the critical information that Judge Ward's order to file a Rule 1925(b) Statement was as a result of Appellants' appeal of her denial of the Motion for *Nunc Pro Tunc* Relief and not Appellants' appeal of the denial of the Motion to Strike. In particular, Appellants represented to this Court:

> Based upon very unusual circumstances, Appellants file this Supplement to their pending application for reconsideration. The *sua sponte* order of this Court dismissing the appeal was based upon the Order of the Court of Common Pleas dated September 7, 202[1], denying the motion to file a Concise Statement. **However, Judge Ward has issued a new Order dated September 27, 202[1], directing Appellants to file a Concise Statement of Errors within 21 days.** For the convenience of the court, a copy of that **new order granting to Appellants the requested relief** is attached thereto.

Supplement, 9/28/21, at 1 (unpaginated, emphasis added).

Appellants' counsel then requested that this Court reinstate the appeal from the denial of the Motion to Strike because Judge Ward was now accepting Appellants' Rule 1925(b) Statement for that appeal, which would render

Appellants' issues preserved for appeal. As a result of the misrepresentation of Appellants' counsel that Appellants had now preserved issues for appeal from the denial of the Motion to Strike, on October 4, 2021, this Court reinstated the instant appeal.[3]

Upon further investigation of this Court, correspondence from Judge Ward, and a review of the docket entries, however, we determined that Appellants' counsel misrepresented critical facts to this Court. The docket entries do not support Appellants' counsel's claim that Judge Ward had ordered and would accept a Rule 1925(b) Statement related to the denial of the Motion to Strike. Most significantly, Judge Ward's correspondence to this Court confirmed that her order requiring Appellants to file a Rule 1925(b) Statement pertained to the denial of the Motion for *Nunc Pro Tunc* Relief and not, as Appellants misrepresented, to the denial of the Motion to Strike:

> In response to the Notice of Appeal [filed by Appellants on] September 23, 2021, **and only in response thereto**, this [c]ourt directed the Appellants to file a concise statement of errors[.] The Order [] was directed to the appeal docketed at 1246 WDA 2021, and not the instant appeal docketed at 534 WDA 2021.

_____

[3] After this Court reinstated the instant appeal, on October 28, 2021, Appellants filed at Docket No. 1246 WDA 2021 an "Application for Withdrawal of Appeal" in which they indicated that they filed that appeal from the trial court's order denying their Motion for *Nunc Pro Tunc* Relief "as a precautionary measure." Application, 10/28/21, at 1 (unpaginated). Appellants also represented, falsely, that the appeal at Docket No. 1246 WDA 2021 "is duplicative of the appeal that has been reinstated and is currently pending under Docket No. 534 WDA 2021[,]" *i.e.*, the instant appeal. ***Id.*** On November 10, 2021, this Court treated Appellants "Application" as a *praecipe* to discontinue and marked the appeal at No. 1246 WDA 2021 discontinued.

Correspondence from the Honorable Christine A. Ward, 11/14/22, at 1 (unpaginated, emphasis added). Thus, Appellants' counsel misrepresented to this Court that Judge Ward was permitting Appellants to file a Rule 1925(b) Statement pertaining the denial of the Motion to Strike and to preserve those issues for appeal.

On November 23, 2022, Appellants' counsel filed with this Court a response to Judge Ward's letter and continued to make misrepresentations. Appellants' counsel disputes Judge Ward's explanation of the procedural history of this case; in particular, Appellants' counsel disputes Judge Ward's clarification that the court entered its September 27, 2021 order only in response to Appellants' appeal from the court's order denying Appellants' Motion for *Nunc Pro Tunc* Relief. Appellants' counsel further asserted that because "nothing in [Judge Ward's] September 27, 2021 [o]rder indicates or puts the parties on notice of any such limitation" and, because all parties "have relied upon their shared understanding of the September 27, 2021 [o]rder" as pertaining to the appeal from the denial of the Motion to Strike, "any issue regarding the proper meaning of the order has been waived[.]" Response Letter, 11/23/22, at 2 (unpaginated).

We find Appellants' counsel's deflection of responsibility onto the trial court to be disingenuous and his lack of understanding of appellate practice appalling. Judge Ward never vacated her April 13, 2021 Order to file a Rule 1925(b) Statement for the appeal from the denial of the Motion to Strike and clearly and unambiguously denied Appellants' Motion for *Nunc Pro Tunc* relief

to file one after the deadline. To represent to this Court that the order to file a Rule 1925(b) Statement in September 2021 was for the appeal of the order denying the Motion to Strike demonstrates either a lack of understanding of appellate practice or an intentional misrepresentation to this Court.[4]

Although it is not for this Court to determine whether counsel's numerous misrepresentations were intentional or a result of his ignorance of the rules of Pennsylvania appellate practice, the conduct of Appellants' counsel in litigating this appeal is unacceptable and appears to violate the Pennsylvania Rules of Professional Conduct. **See** Pa.R.P.C. 3.3 (requiring an attorney to act with candor to tribunals at all times); Pa.R.P.C. 1.1 note (requiring an attorney to represent a client with "requisite competence and skill").[5]

_____

[4] The assertion of Appellants' counsel that "any issue regarding the proper meaning of the order has been waived" is utter nonsense. It appears that Appellants' counsel is arguing to this Court that because Appellants' counsel purportedly found the order to file a Rule 1925(b) Statement confusing, Judge Ward "waived" any interpretation of the order. First, it is parties, not judges, who waive issues. Second, any lawyer with a rudimentary understanding of appellate practice would understand that the order to file a Rule 1925(b) Statement pertained to the order from which Appellants had just appealed— the denial of the Motion for *Nunc Pro Tunc* relief. We are also troubled, and certainly unpersuaded, by the assertion of Appellants' counsel that Appellees' counsel was also confused about the procedural posture of the appeal which was straightforward.

[5] If Appellant's counsel intentionally misrepresented to this Court that Judge Ward had permitted Appellants to file a Rule 1925(b) Statement pertaining to the denial of the Motion to Strike when in fact, Judge Ward had ordered a Rule 1925(b) Statement from the denial of the Motion for *Nunc Pro Tunc* relief,
*(Footnote Continued Next Page)*

Turning now to the merits of the appeal and the fact that Appellants'

counsel failed to file a 1925(b) Statement from the denial of the Motion to

Strike, we conclude that the trial court correctly found that Appellants waived

all issues on appeal.

This Court has explained that "[w]henever a trial court orders an

appellant to file a concise statement of errors complained of on appeal

pursuant to Rule 1925(b), the appellant must comply in a timely manner."

**Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d

222, 225 (Pa. Super. 2014) (citation and emphasis omitted).  "Failure to

comply with a court [o]rder to file a statement of matters complained of on

appeal pursuant to Rule 1925(b) results in waiver of those issues for purposes

of appellate review."  **Schaefer v. Aames Capital Corp.**, 805 A.2d 534, 535

(Pa. Super. 2002).

---

Appellants' counsel may have violated his duty to act with candor to this tribunal pursuant to Pa.R.P.C. 3.3.  The misrepresentation is significant because it determines whether Appellants have preserved for appeal issues relating to the denial of the Motion to Strike.  Counsel may have further violated Rule 3.3 by characterizing the appeal from the denial of the Motion for *Nunc Pro Tunc* Relief as "duplicative" of the instant appeal from the denial of the Motion to Strike when, in fact, the two appeals were not duplicative, but were from two separate, substantively unrelated orders.

If Appellants' counsel's misrepresentations were unintentional, then Appellants' counsel appears to have violated Pa.R.P.C. 1.1 by representing Appellants on appeal without the "requisite competence and skill."  Pa.R.P.C. 1.1 note.  Understanding the relationship between an order that a party appeals and the subsequent obligation to file a Rule 1925(b) Statement from that particular order is a foundational principle of Pennsylvania appellate practice.

Here, even after receiving multiple extensions of time in which to file their Rule 1925(b) Statement, Appellants failed to file any Rule 1925(b) Statement. Moreover, Appellants' counsel's representations notwithstanding, the trial court did not permit Appellants to file a Rule 1925(b) Statement *nunc pro tunc*. Accordingly, Appellants have not preserved any issues for appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/10/2023